UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>       Plaintiff,                                     )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>GERMAN VILLEGAS-MEJIA (17)      )<br>a.k.a. "El Doctor."                                )<br>                                                          )<br>       Defendant.                                 )<br>_____)  | CRIMINAL NO. 05-342-17 (RCL)<br><br>FILED<br>OCT 2 5 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## ORDER OF DETENTION

Before the Court is the Government's motion [54] to detain the defendant without bond pending trial pursuant to 18 U.S.C. § 3142. This Court conducted a hearing on the matter on October 25, 2007. Upon consideration of the Government's motion, and the arguments and proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the Government's Motion [54] is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial. In support of this ruling, the Court makes the following findings:

1. There is a presumption that the defendant should be detained because he has been charged by Indictment with an offense for which the maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act. 18 U.S.C. § 3142(e).

2. Although the defendant has family members living in Florida, the defendant is only in the United States because of extradition. Defendant's lack of ties to the United States and his

personal characteristics support the conclusion that he is a risk of flight if released. 18 U.S.C. § 3142(g)(3)(A); *see United States v. Vargas*, 804 F.2d 157, 163–64 (1st Cir. 1986) (holding that detention was proper where defendant was a Chilean national and lacked ties to the United States).

3. The defendant is a danger to the community in general as a result of his drug trafficking activities. The size and scope of the drug trafficking enterprise alleged in this case, as well as the defendant's allegedly significant role in that enterprise, make the risk to the community especially acute.

4. The defendant has not rebutted the presumption contained in the Bail Reform Act and accordingly no condition or combination of conditions will reasonably assure the appearance of the defendant at trial. *See* 18 U.S.C. § 3142(e).

5. In making these findings, the Court has assessed the weight of the evidence against defendant. 18 U.S.C. § 3142(g)(2). The evidence against defendant includes court-ordered wiretap evidence, the testimony of witnesses, and a seized vessel and its contents. This evidence also causes the Court to take note of the nature and seriousness of the charged crime, 18 U.S.C. § 3142(g)(1), which involves large-scale trafficking of a controlled substance. The seriousness of the charged offense is an indication of the degree of flight risk involved, and also points to the serious risk to the community that defendant might pose if released on bond.

6. The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. 18 U.S.C. § 3142(i)(2).

7.  The defendant shall be afforded reasonable opportunity for private consultation with counsel. 18 U.S.C. § 3142(i)(3).

SO ORDERED.

_____          __10/25/07__
United States District Judge Royce C. Lamberth          Date