O5 - 342



CONSULADO DE COLOMBIA



RECEIVED
DEC 2 1 2007
CHAMBERS OF
JUDGE LAMBERTH

C-0839

Washington D.C. December 18th, 2007

The Honorable Royce Lamberth
United States District Court Judge
U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, Northwest
Washington, DC 20001

**FILED**

JAN - 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ref. information regarding **GERMAN VILLEGAS MEJIA** (Colombian National)

Dear Honorable Judge Lamberth,

I am the Consul of Colombia in Washington D.C. As part of its official duties under the Vienna Convention on Consular Relations, this Consulate provides consular assistance relevant to Colombian nationals.

I am writing to you to submit a copy of the Diplomatic Letter of Assurance issued by the U.S. Government, the Extradition Resolution and Handover Minute issued by the Colombian Government when Mr. **GERMAN VILLEGAS MEJIA** was extradited and that spells out the limitations accepted by the U.S. Government once Mr. **VILLEGAS MEJIA** was extradited to be prosecuted in Washington DC.

Should you have any questions, please do not hesitate to contact me by phone at (202) 332-3575 or by fax at (202) 332-7180, or to the following address: 1101 17th Street NW, Suite 1007, Washington, DC 20036.

Sincerely yours,

**JULIO CESAR ALDANA BULA**
Consul

CAHP

1101 17th St NW, Suite 1007 • Washington, D.C. 20036 • Tel. (202) 332-7476 Fax (202) 332-7180 • E-mail: cwashington@minrelext.gov.co

DE :    NO.    22 OCT. 2007 10:20AM P2



**POLICÍA NACIONAL DE COLOMBIA**
**DIRECCIÓN DE INVESTIGACIÓN CRIMINAL**

### ACTA DE ENTREGA DE EXTRADITABLE

En Bogotá Distrito Capital, a los veintidós (22) días del mes de Octubre del año dos mil siete (2007), a las *08:15* horas se hace entrega del señor **GERMAN VILLEGAS MEJÍA**, identificado con la cédula de ciudadanía número 6.495.332 expedida en Tulúa (Valle del Cauca), al Agente Especial de la DEA **ERNST S. JACOBSEN III** comisionado por la Embajada de Estados Unidos de América, para recibirlo y trasladarlo según oficio sin número de fecha diecinueve (19) de Octubre del año dos mil siete (2007) enviado por la Embajada de los Estados Unidos, facultados mediante oficio número DFGN 6058 de fecha veintiocho (28) de Septiembre del año 2007 emanado de la Fiscalía General de la Nación y suscrito por el Doctor **MARIO GERMAN IGUARAN ARANA**, Fiscal General, en el cual comunica la extradición según Resolución Ejecutiva No. 084 del 18 de Abril del año 2007, del precitado ciudadano a los Estados Unidos de América.

Funcionario que recibe al Extraditable:

**ERNST S. JACOBSEN III**
Agente Especial de la DEA de los Estados Unidos

Funcionarios que entregan:

**CR. CÉSAR AUGUSTO PINZÓN ARANA**
Director de Investigación Criminal DIJIN

**MY. WILSON SNEHIDER PARDO SALAZAR**
Jefe Grupo Capturas y Coordinación Penitenciaria

**HUELLA PULGAR**    **HUELLA ÍNDICE**

**MANO DERECHA DEL SEÑOR GERMAN VILLEGAS MEJÍA**

Elaboró: CM. Carmen de la Cortina Cassanis
Revisó: MY. Wilson Snehider Pardo Salazar

República de Colombia
BOGOTA
D.A.S
22 OCT. 2007

No. 2739

The Embassy of the United States of America presents its compliments to the Ministry of Foreign Relations of the Republic of Colombia and has the honor to refer to the Ministry diplomatic note No. OAJ.E. 1354, dated July 17, 2007, in which the Ministry informs the Embassy that the Government of Colombia has approved the extradition of Colombian fugitive Germán Villegas-Mejía pursuant to Resolutions No. 084, dated April 18, 2007, and No. 225, dated July 4, 2007.

Furthermore, the Embassy takes note that the Ministry requests as a condition for the extradition of Germán Villegas-Mejía assurances that he will not be subject to "forced disappearance," torture or cruel and unusual punishment, degrading or inhumane treatment, "exile," life imprisonment, "confiscation without due process of law," or the imposition of the death penalty.

Although the maximum statutory penalty for the charges for which extradition is sought is life imprisonment, the Government of the United States assures the Government of Colombia that a sentence of life imprisonment will not be sought or imposed, if Germán Villegas-Mejía is extradited to the United States.

Regarding the death penalty assurance requested in the aforementioned Ministry note, the United States Government does not believe that such assurance is necessary in this case. Pursuant to the criminal laws of the United States, the death penalty is not an authorized punishment for the offenses for which Germán Villegas-Mejía's extradition is sought. Therefore, the death penalty cannot be requested or imposed in this case.

- 2 -

Regarding other assurances requested in the aforementioned Ministry note, the Government of the United States assures the Government of Colombia that no person extradited to the United States from Colombia will be subject to torture or cruel and unusual punishment, nor the forfeiture of property without due process of law.

The Embassy of the United States avails itself of this opportunity to renew to the Ministry of Foreign Relations of the Republic of Colombia the assurances of its highest consideration.

Embassy of the United States of America

Bogotá, D.C., September 18, 2007

TRADUCCION NO OFICIAL

No. 2739

La Embajada de los Estados Unidos de América saluda muy atentamente al Ministerio de Relaciones Exteriores de la República de Colombia y tiene el honor de referirse a la nota diplomática de ese Ministerio No. OAJ.E. 1354, de fecha 17 de julio de 2007, mediante la cual el Ministerio informa a la Embajada que el Gobierno de Colombia aprobó la extradición de Germán Villegas-Mejía, fugitivo de nacionalidad colombiana, de conformidad con las Resoluciones No. 084, de fecha 18 de abril de 2007, y No. 225, de fecha 4 de julio de 2007.

Además, la Embajada toma nota de que el Ministerio solicita como condición para la extradición de Germán Villegas-Mejía se le garantice que él no será sometido a "desaparición forzada", a torturas ni a tratos o penas crueles, inhumanas o degradantes, "exilio", prisión perpetua, "confiscación sin el debido proceso legal", o a la imposición de la pena de muerte.

Aun cuando la pena máxima legal para los cargos por los cuales se ha solicitado la extradición es la prisión perpetua, el Gobierno de los Estados Unidos le garantiza al Gobierno de Colombia que la sentencia de prisión perpetua no será solicitada ni impuesta si Germán Villegas-Mejía es extraditado a los Estados Unidos.

En relación con la garantía sobre la pena de muerte requerida mediante la nota de ese Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos no considera que dicha garantía sea necesaria en este caso. De conformidad con las leyes penales de los Estados Unidos, la pena de muerte no es una sanción autorizada para los delitos por los cuales se solicitó la extradición de Germán Villegas-Mejía. Por lo tanto, la pena de muerte no puede ser solicitada ni impuesta en este caso.

- 2 -

En relación con las demás garantías solicitadas en la nota del Ministerio anteriormente mencionada, el Gobierno de los Estados Unidos se permite garantizar al Gobierno de Colombia que ninguna persona que sea extraditada de Colombia a los Estados Unidos será sometida a tortura ni a tratos o penas crueles e inusuales, ni a la confiscación de bienes sin el debido proceso legal.

La Embajada de los Estados Unidos de América aprovecha la oportunidad para renovar al Ministerio de Relaciones Exteriores de la República de Colombia las seguridades de su más alta y distinguida consideración.

Embajada de los Estados Unidos de América

Bogotá, D.C., 18 de septiembre de 2007

Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

**REPUBLIC OF COLOMBIA**
**MINISTRY OF INTERIOR AND JUSTICE**
**RESOLUTION 084 OF APRIL 18, 2007**
**DECIDING ON A REQUEST FOR EXTRADITION.**
**THE PRESIDENT OF THE REPUBLIC OF COLOMBIA**
In exercise of his powers under Article 491 of Law 906/2004, and
**WHEREAS**

**1.** In Verbal Note 1880 of August 2, 2006, the Government of the United States of America, through its Embassy in Colombia, requested the provisional detention for purposes of extradition of the Colombian citizen **GERMÁN VILLEGAS-MEJÍA** required to appear for trial for federal narcotics offenses.

**2.** The Attorney General, in a Resolution of August 10, 2006 ordered the arrest for purposes of extradition of the Colombian citizen **GERMÁN VILLEGAS-MEJÍA** ID 6.495.332, an order which was made effective on August 16, 2006 by members of the Security Police DAS.

**3.** The United States Embassy in Colombia, in Verbal Note 2595 of October 13, 2006, formalized the request for extradition of the Colombian citizen **GERMÁN DE-MARTIN-TAMAYO**.

The Note in question states as follows:

"...    GERMÁN VILLEGAS-MEJÍA is wanted to stand trial for federal narcotics offenses. He is the subject of second superseding indictment 05-342 (RCL) of April 18, 2006  in the US District Court of the District of Columbia, charging him with:

--Count 1. Commencing in April 2005 or about that date, conspiracy to distribute five kilograms or more of a mixture and substance containing a perceptible quantity of cocaine, a List-II controlled substance, with the intent and knowledge that said substance would be illegally imported into the United States, and aiding and abetting that crime  contrary to Title 21 Sections 959 and 960 of the US Code all in violation of Title 21 Section 963 and Title 18 Section 2 of the US Code; and
--Count 4. Intent to distribute and causing the distribution on January 22, 2006 or approximately that date, of five kilograms or more of a mixture and substance containing a perceptible quantity of  cocaine, a List-II controlled substance with the knowledge and intent that the cocaine would be imported illegally into the United States and aiding and abetting that crime, in violation of Title 21 Section 959  and 963 of the US Code and Title 18 Section 2 of the US Code.

(...)

An order for the detention of Mr VILLEGAS-MEJÍA was issued on April 18,

1

Official translation made by Anthony Letts, licensed translator per res. 139 of 11 February 1980, Ministry of Justice

2006 by order of the above-mentioned court. This detention order remains in force and effect.

(...)

All the actions of the accused in this case were performed after December 17, 1997. ......"

**4.** That in accordance with the terms of Article 496 of Law 906/2004, the Ministry of Foreign Affairs, through its Legal Office, issued Communication OAJ.E. No. 1966 of October 17, 2006, stating that:

".. Since there is no agreement applicable to this case, it is in order to act in accordance with the terms of the Colombian Criminal Code in force."

**5.** That the Ministry of Interior and Justice, in communication No. 25828 of October 24, 2006 sent the Criminal Cassation Division of the Supreme Court of Justice, the translated and certified documentation with which the Embassy of United States of America in Colombia formalized the application for the extradition of the Colombian citizen **GERMÁN VILLEGAS-MEJÍA** for the Supreme Court to give its opinion, as referred to in Article 499 of Law 906/2004.

**6.** The Criminal Cassation Division of the Supreme Court of Justice, in a decision on March 21, 2007, found that the requirements had been met as applicable to this case, and gave its favorable opinion for the extradition of the citizen **GERMÁN VILLEGAS-MEJÍA .**

In this regard, the Court said:

*"Therefore, and in agreement with the considerations expressed by Procurator Delegate 2 for Criminal Cassation, the Criminal Cassation Division of the Supreme Court of Justice gives a FAVORABLE OPINION on the request for the extradition of GERMÁN VILLEGAS-MEJÍA made by the Embassy of the United States in Bogota for him to stand trial for Counts 1 and 4 contained in indictment 05-342 (RCL) of September 30, 2004 superseded on April 18, 2006, issued by the Grand Jury for the US District Court of the District of Columbia, with the clarification that this is only viable for acts attributed to him in Counts 1 and 4 of that indictment.*

*Further, as stated by the Office of the Procurator, the Government has a duty to make it a condition that the person extradited will not be tried for a prior act other than that which is the reason for extradition nor for acts before that date, nor may he be subjected to forced disappearance, torture or cruel, inhuman or degrading treatment or punishment, nor exile, life imprisonment nor confiscation as established in Articles 11,12 and 34 of the Constitution..*

*The Government will also demand that the time he has spent deprived of his liberty*

2

Official translation made by Anthony Letts, licensed translator per res. 139 of 11 February 1980, Ministry of Justice

*by reason of these extradition proceedings will be credited to any sentence passed on GERMÁN VILLEGAS-MEJÍA in the State Requiring.*

*We also note that, in accordance with the terms of Article 189.2 of the Constitution, the Government, headed by the President of the Republic as the supreme director of foreign policy and international relations, is responsible for strict follow-up and compliance by the State Requiring with conditions referred to above, and at the same time, to establish the consequences of failure to do so. ..."*

7. According to Article 501 of Law 906/2004 a negative opinion of the Supreme Court will bind the Government; but if the opinion is favorable, the government is free to act in accordance with national convenience.

Therefore, and attending to the opinion of the Supreme Court Criminal Cassation Division regarding compliance with the requirements for the request for extradition for the charges laid to be in order, and in the absence of limitation to the grant of the same, the Government will grant the extradition of the citizen GERMÁN VILLEGAS-MEJÍA ID ("cedula") 6.495.332 to appear for trial for  *Count 1. Commencing in April 2005 or about that date, conspiracy to distribute five kilograms or more of a mixture and substance containing a perceptible quantity of cocaine, a List-II controlled substance, with the intent and knowledge that said substance would be illegally imported into the United States, and aiding and abetting that crime; and Count 4. Intent to distribute and causing the distribution on January 22, 2006 or approximately that date, of five kilograms or more of a mixture and substance containing a perceptible quantity of  cocaine, a List-II controlled substance with the knowledge and intent that the cocaine would be imported illegally into the United States and aiding and abetting that crime*, referred to in second superseding indictment 05-342 (RCL) of April 18, 2006  in the US District Court of the District of Columbia.

8. The Colombian Government may subordinate the grant of extradition to such conditions as it may see fit and at all events, if extradition is to be granted, it must require the State Requiring to ensure that the person required will not be tried for a prior act other than that originating the request for extradition, nor may he be subjected to punishment other than that imposed on the crime for which he is convicted, as required by Section 494.1 of Law 906/2004.

9. Section 494.2 of Law 906/2004 states that if according to the legislation of the State requiring, the death penalty applies to the crime which is the reason for extradition, delivery may be made on condition that such a sentence will be commuted, and that the person extradited may not be subjected to forced disappearance, torture or cruel, inhuman or degrading treatment or punishment, or exile, life imprisonment or confiscation.

Since the crimes referred to in the formal request do not carry the death penalty, the Colombian government will allow delivery of this citizen with the commitment on the part of the Country Requiring in respect of the compliance with the other

Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

conditions indicated by the Constitutional Court, in particular, that he will not be sentenced to life imprisonment, which is prohibited in Colombian legislation.

Finally, we note that the files show that GERMÁN VILLEGAS-MEJÍA is detained at the orders of the Office of the Attorney General by reason of these extradition proceedings, and he should be informed that in order to accredit this situation and validate it abroad, he may request a certificate to that effect from the Prosecution Service, which is the competent authority to issue it.

Therefore it is,

## RESOLVED:

**ARTICLE 1.** To grant the extradition of the Colombian citizen **GERMÁN VILLEGAS-MEJÍA** ID 6.495.332, to appear for trial for *Count 1. Commencing in April 2005 or about that date, conspiracy to distribute five kilograms or more of a mixture and substance containing a perceptible quantity of cocaine, a List-II controlled substance, with the intent and knowledge that said substance would be illegally imported into the United States, and aiding and abetting that crime; and Count 4. Intent to distribute and causing the distribution on January 22, 2006 or approximately that date, of five kilograms or more of a mixture and substance containing a perceptible quantity of cocaine, a List-II controlled substance with the knowledge and intent that the cocaine would be imported illegally into the United States and aiding and abetting that crime* referred to in second superseding indictment 05-342 (RCL) of April 18, 2006 in the US District Court of the District of Columbia.

**ARTICLE 2.** To order the delivery of the citizen **GERMÁN VILLEGAS-MEJÍA** with the commitment on the part of the State Requiring of compliance with conditions referred to in Section 494.2 of Law 906/2004.

**ARTICLE 3.** The State Requiring will be advised that the citizen extradited may not be tried or convicted for any prior act other than that which was the reason for this request, in accordance with the terms of Section 494.1 of Law 906/2004.

**ARTICLE 4.** This decision is to be served on the interested party or his attorney, and he is to be informed that there is recourse for revocation against it, and recourse must be entered within five days following service of this notice.

**ARTICLE 5.** A certified copy of this resolution, subject to enforceability, will be sent to the Legal Office and the Office of Consular Affairs and Colombian Communities Abroad at the Foreign Ministry, and to the Attorney General, for them to act accordingly.

**ARTICLE 6.** This resolution takes effect from the date of issue.

**BE THIS PUBLISHED, COMMUNICATED, SERVED AND OBEYED**
Given in Bogotá on April 18, 2007



Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

Minister of Interior and Justice,  **CARLOS HOLGUIN SARDI**

**

Apostille AR639312 dated Wednesday August 1, certifies that Gerardo Antonio Zúñiga-Sánchez signed this document as Secretary General of the Ministry of Interior and Justice.

Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

## REPUBLIC OF COLOMBIA
## MINISTRY OF INTERIOR AND JUSTICE
### Resolution 225 of July 4, 2007
### Deciding on a request for revocation against
### Executive Resolution 084 of April 18, 2007

### THE PRESIDENT OF THE REPUBLIC OF COLOMBIA,
### in exercise of his powers under Article 491 of Law 906/2004 and Article 50 of the Administrative Disputes Code, and
### WHEREAS

1. Executive Resolution 084 of April 16, 2007 granted the  extradition of the Colombian citizen **GERMÁN VILLEGAS-MEJÍA** ID 6.495.332, to appear for trial for *Count 1. Commencing in April 2005 or about that date, conspiracy to distribute five kilograms or more of a mixture and substance containing a perceptible quantity of cocaine, a List-II controlled substance, with the intent and knowledge that said substance would be illegally imported into the United States, and aiding and abetting that crime; and Count 4. Intent to distribute and causing the distribution on January 22, 2006 or approximately that date, of five kilograms or more of a mixture and substance containing a perceptible quantity of  cocaine, a List-II controlled substance with the knowledge and intent that the cocaine would be imported illegally into the United States and aiding and abetting that crime* referred to in second superseding indictment 05-342 (RCL) of April 18, 2006  in the US District Court of the District of Columbia.

2. In accordance with Article 44 of the Administrative Disputes Code, this decision was personally served on counsel for the person required on May 3, 2007. Counsel for GERMÁN VILLEGAS-MEJÍA replied within the time allowed by law in a document delivered on May 8, 2007 at the Ministry of Interior and Justice, requesting revocation of Executive Resolution 084 of April 18, 2007 and requesting the Government to refrain from extraditing his client.

3. The basis for these requests was the following:

   1. The crime for which the US authorities request the extradition of GERMAAN VILLEGAS-MEJÍA, if it was committed, was committed in Colombian territory and not in the United States, and therefore extradition is out of order since Article 35 of the Constitution states that the extradition of Colombians by birth is in order only for **"crimes committed abroad"**.
   The attempted crime of which he is accused , of trying to transport cocaine to a final destination in the United States occurred in Colombia and not in the United States, and therefore criminal immunity would fully apply to him and the Colombian criminal jurisdiction would cover him entirely, in application of the principle of territoriality of the criminal law. And since this is a criminal matter the principle of favorability should apply in the interpretation of rules of law.



6

Official translation made by Anthony Letts, licensed translator per res. 139 of 11 February 1980, Ministry of Justice

2. The accusation against GERMÁN VILLEGAS-MEJÍA made by the authorities of the State Requiring are based on a simple suspicion of a DEA Agent, and the request for extradition contains "not a shred of evidence that could lead to a deduction that he was trafficking in cocaine" or linking him to the possession of a single gram of cocaine.

3. He also questions how indictment 05-342(RCL), issued on September 30, 2004 could contain an attempted distribution of cocaine as of January 22, 2006.

4. We have the following comments on this request:

The Government has discretion to offer or grant extradition, but it first needs a favorable opinion from the Supreme Court. In this case, the Court's Criminal Cassation Division made a pronouncement based on the formal validity of documentation, the full demonstration of the identity of the person required, the principle of double incrimination and the equivalence of the decision issued abroad, gave a favorable opinion for the extradition of the Colombian citizen GERMAN VILLEGAS-MEJIA, having found that legal requirements of form had been met for extradition to be in order.

The Government used the discretion which the law affords it and adopted the decision of the Criminal Division of the Supreme Court of Justice and granted extradition since the charges for which the person required in extradition by the Government of the United States refer to conspiracy to distribute a mixture and a substance that contained a perceptible quantity of cocaine with the knowledge and intent that it would be illegally imported into the united States, and intent to distribute and cause the distribution of a mixture or substance that contained a perceptible quantity of cocaine and with the knowledge and intent that it would be illegally imported into the United States, and this constitutes conduct that crosses national frontiers and took place partly abroad.

The Criminal Cassation Division of the Supreme Court of Justice has repeatedly made pronouncements in these terms, for example in CVase 21,887 on July 28, 2004:

"*In crimes of conspiracy for trafficking in drugs, the Court has established not only that a number of persons take part in them with premeditation but that the forms of conduct that indicate the conspiracy can be expressed in each country involved in this unlawful trade, the country of origin, the country of transit and the country of destination. This also occurs in crimes of drug-trafficking*

*....*

*Drug-trafficking en gages individuals and the countries through which the drugs pass, including, of course, their destination. Therefore the requirement*

7

Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

*of the Constitution is also met in relation to them.*

*Aside from the fact that the cocaine was seized in Colombian territory, according to any of the theories allowing the place of occurrence of an event to be established in Article 14 of the Criminal Code – that of the place of materialization of the conduct, which understands that an act is performed where all or part of the materialization of will is expressed; that of result, which conceives it to be performed in the territory where the act had its effect; and the mixed theory or theory of ubiquity, which points to the place where all or part of the act takes place and also where the result was or should have been produced – the one certain thing is that the conduct attributed to the person required was partly produced abroad...”*

The position of the Supreme Court of Justice and of the Government regarding these matters has been constant, not just in the case of Germán Villegas-Mejia, but in all cases involving drug-trafficking offenses, and not only form Colombia to the United States, but also when the destination is to elsewhere in Latin America, Europe, Asia etc. . It is that conduct related to drug-trafficking crosses national frontiers and therefore meets the precept of the Constitution that,. In order to extradite a Colombian by birth, the crime must have been committed abroad.

Therefore, the Government considers that, in the case of Germán Villegas-Mejía the terms of Article 35 of the Constitution were duly satisfied, since the Article requires that the extradition of Colombians by birth will be granted for crimes committed abroad when they are considered to be crimes in Colombian legislation.

Now, since the acts were performed partly abroad, the decision to extradition this citizen for trial in the United States does not disregard the principle of territoriality of Colombian criminal law, since the circumstance is one of the exceptions to the principle given in |Article 14 of the Criminal Code (Law 599/2000), which makes it legitimate for a foreign jurisdiction to investigate and try punishable acts performed, if only partly, in this country.

The Supreme Court of Justice has repeatedly stated the following on this point:

“With regard to this requirement, expressed in Article 35, amended by Legislative Act 01/1997, it should be noted that the Court has established that its occurrence is verified at the time of issuing the Opinion, using information supplied by the State Requiring in the extradition request and its attachments, which must meet the requirements of Article 513 of the Criminal Procedure Code, i.e. to deliver a certified copy or transcript of the judgment, indictment or equivalent and give a precise indication of the acts which give rise to the extradition request and the place and date of their execution.

If this shows the full execution of the conduct in Colombian territory the Opinion on the extradition will be negative, even if all requirements of Article 520 of the

Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

Criminal Procedure Code are satisfied; **but if what is shown is the presence of one of the exceptions to territoriality, the opinion will be favorable provided that the basic requirements of law are satisfied, based on the fact that, being principles of international law, compliance with the internal legal order is mandatory in the terms of Article 9 of the Colombian Constitution; and because the Constitutional Court has said that validity in the international context is a two-way street, since it also validates the application of Colombian criminal law to persons who have committed part or all of a crime abroad, admitting the intervention of the foreign jurisdiction for punishable conduct committed, even if partially, in Colombian territory...."** (our emphasis)

Therefore, the Government cannot accept the challenge made by counsel, since the conduct attributed to his client was not wholly executed in Colombian territory and may therefore be investigated and tried abroad.

Nor can we accept the proposal of the defense with regard to the invocation of the principle of favorability en the extradition proceeding s, since there is no judgment involved: there is merely a verification that certain requisites of the Constitution and the law have been met, and we have seen that they have been met in this case.

b. Extradition is a mechanism of international cooperation in the struggle against impunity, attempting to prevent a person who has committed a crime in one country from avoiding the action of its judicial authorities by being or taking refuge in another country, which may indeed be his country of origin.

The proceedings in an extradition request aim to verify certain requirements and conditions already established in criminal procedural law, and they do not involve any judgment on the person required. The Constitutional Court has said:

"Therefore, and by its own content, the act of extradition makes no decision in the prior Opinion nor in the subsequent grant, with regard to the existence of the crime, nor its authorship, nor the circumstances of time, place and manner of execution, nor of the guilt of the accused nor of the causes of aggravation or attenuation of punishment, nor of calculation of the punishment. All of this simply indicates that there is no act of judgment, since there is no jurisdictional function.

If the Court were to treat the matter as a controversy within its own jurisdiction it would be disregarding the sovereignty of the State Requiring, since it is in the other country, and not in Colombia that the debates and controversies of the evidence in the case should be conducted, in accordance with International Humanitarian Law and the internal criminal law of the foreign State"[1]

Therefore, the Government does not pass judgment on the person required for extradition, since it has no remit to make a pronouncement on guilt or innocence on

---

[1] Constitutional Court Decision C-1106/2000, Alfredo Beltran presiding




9

Official translation made by Anthony Letts, licensed translator per res. 139 of 11 February 1980, Ministry of Justice

crimes attributed to him, nor to examine evidence held by the State Requiring against him, not any other circumstance, evidence or argument to prove his innocence, since that is a matter solely for the courts of the State Requiring. Therefore, in this instance, there is no room for assertions of the defense of the innocence of her client or any argument to refute evidence against him.

c. In relation to the challenge as to why Indictment 05-342(RCL) was issued in the US District Court for the District of Columbia on September 30, 2004 contains charges against her client for acts performed on January 22, 2006, please note that Verbal Note 1880 of August 2, 2006 in which the United States Government requested the provisional detention of Germán Villegas-Mejía and Verbal Note 2595 of October 13, 20065 formalizing the extradition request, clearly state that this gentleman "… **is the subject of the second superseding indictment 05-342(RCL)** of April 18, 2006 of the US District Court for the District of Columbia….."(our emphasis)

With regard to superseding indictments and their purpose we find some explanations in Verbal Notes from the US Embassy in Colombia, such as No. 2168 of September 1, 2006, formalizing a request for extradition. It states that:
> "Under US Criminal Law, a superseding indictment replaces a previous indictment. It is common practise to modify indictments, with the purpose of, inter alia, adding new counts, adding co-accused, correcting names and typing mistakes and correcting grammatical errors, and to make a more thorough appraisal of the law and evidence on file."

We note that in this case there is a superseding indictment of April 18, 2006. and this date falls after that on which Counts 1 and 4, for which Germán Villegas-Mejía is requested in extradition, were included. Therefore the Government has no reason to object to the charges made by the US District Court for the District of Columbia.

Therefore also, and since this request for revocation has added nothing to the Government's original criteria which would make it change its original decision, it is in order to confirm Executive Resolution 084 of April 18, 2007 in all its parts.

And it is

## RESOLVED

**ARTICLE 1**. To confirm Executive Resolution 084 of April 18, 2007 granting the extradition of the Colombian citizen **GERMAN VILLEGAS-MEJÍA** as explained in the Motivation section above.

**ARTICLE 2**. To serve this decision on the person required or his counsel, advising them that there is no recourse against it, and that ordinary process is exhausted.

**ARTICLE 3.** To send a copy of this administrative act to the Legal Advisory Office and to the Consular Affairs and Colombian Communities Abroad Division of the Ministry of Foreign Affairs, and to the Attorney General, to act accordingly.



Official translation made by Anthony Letts, licensed translator per res 139 of 11 February 1980, Ministry of Justice

**ARTICLE 4.** This Resolution takes effect as of the date of its issue.

BE THIS PUBLISHED, COMMUNICATED AND OBEYED
Given in Bogota on July 4, 2007

CARLOS HOLGUIN SARDI , Minister of Interior and Justice

**

Apostille AR639311 dated Wednesday August 1, 2007 certifies that Gerardo Antonio Zúñiga-Sánchez signed this document as Secretary General of  the Ministry of  Interior and Justice.

11