062 PC

REPÚBLICA DE COLOMBIA



MINISTERIO DEL INTERIOR Y DE JUSTICIA

RESOLUCIÓN NÚMERO 084 DE

18 Abr 2007

FILED
JAN - 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Por la cual se decide sobre una solicitud de extradición

EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA,
en ejercicio de la facultad que le confiere el 491 de la Ley 906 de 2004, y

CONSIDERANDO:

1.   Que mediante Nota Verbal N° 1880 del 2 de agosto de 2006, el Gobierno de los Estados Unidos de América, a través de su Embajada en Colombia, solicitó la detención provisional con fines de extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA** requerido para comparecer a juicio por delitos federales de narcóticos.

2.   Que el Fiscal General de la Nación mediante resolución del 10 de agosto de 2006 decretó la captura con fines de extradición del ciudadano **GERMÁN VILLEGAS MEJÍA**, identificado con la cédula de ciudadanía N° 6.495.332, la cual se hizo efectiva el 16 de agosto de 2006, por miembros del Departamento Administrativo de Seguridad DAS.

3.   Que la Embajada de los Estados Unidos de América en nuestro país, mediante Nota Verbal N° 2595 del 13 de octubre de 2006, formalizó la solicitud de extradición del ciudadano **GERMÁN VILLEGAS MEJÍA**.

En la mencionada Nota informa:

   *"Germán Villegas-Mejía es requerido para comparecer a juicio por delitos federales de narcóticos. Es el sujeto de la segunda acusación sustitutiva No. 05 -- 342 (RCL), dictada el 18 de abril de 2006, en la Corte Distrital de los Estados Unidos para el Distrito de Columbia, mediante la cual se le acusa de:*

   *-- Cargo Uno: Concierto, comenzando en abril de 2005, o aproximadamente en esa fecha, para distribuir cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad*

RESOLUCIÓN NÚMERO  084       DE

Hoja 2 de la Resolución por la cual se decide sobre una solicitud de extradición
------------------------------------------------------------------------

*perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha sustancia sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito, lo cual es en contra del Título 21, Secciones 959 y 960 del Código de los Estados Unidos, todo en violación del Título 21, Sección 963 del Código de los Estados Unidos, y del Título 18, Sección 2 del Código de los Estados Unidos; y*

*-- Cargo Cuatro: Intento de distribuir y de causar la distribución, el 22 de enero de 2006, o aproximadamente en esa fecha, de cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha cocaína sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito, en violación del Título 21, Secciones 959 y 963 del Código de los Estados Unidos, y del Título 18, Sección 2 del Código de los Estados Unidos.*

*(...)*

*Un auto de detención contra el señor Villegas- Mejía por estos cargos fue dictado el 18 de abril de 2006, por orden de la corte arriba mencionada. Dicho auto de detención permanece válido y ejecutable.*

*(...)*

*Todas las acciones adelantadas por el acusado en este caso fueron realizadas con posterioridad al 17 de diciembre de 1997..."*

4.    Que de conformidad con lo dispuesto en el artículo 496 de la Ley 906 de 2004, el Ministerio de Relaciones Exteriores, a través de la Oficina Jurídica, mediante oficio OAJ.E. N° 1966 del 17 de octubre de 2006 conceptuó:

*"... que por no existir Convenio aplicable al caso es procedente obrar de conformidad con el ordenamiento procesal penal colombiano."*

5.    Que el Ministerio del Interior y de Justicia, mediante oficio N° 25828 del 24 de octubre de 2006, remitió a la Sala de Casación Penal de la H. Corte Suprema de Justicia la documentación traducida y autenticada, con la cual la

RESOLUCIÓN NÚMERO    084    DE

Hoja 3 de la Resolución por la cual se decide sobre una solicitud de extradición
-----------------------------------------------------------------------------------

Embajada de los Estados Unidos de América en nuestro país, formalizó la solicitud de extradición del ciudadano **GERMÁN VILLEGAS MEJÍA**, para que fuera emitido el concepto a que hace referencia el artículo 499 de la Ley 906 de 2004.

6.    Que la Sala de Casación Penal de la H. Corte Suprema de Justicia, mediante providencia del 21 de marzo de 2007, al encontrar cumplidos los requisitos que exigen las normas aplicables al caso, conceptuó favorablemente a la extradición del ciudadano **GERMÁN VILLEGAS MEJÍA**.

Sobre el particular la H. Corporación manifestó:

*"De conformidad con lo expuesto, coincidiendo con las consideraciones de la Procuradora Segunda Delegada para la Casación Penal, la CORTE SUPREMA DE JUSTICIA, SALA DE CASACIÓN PENAL emite CONCEPTO FAVORABLE a la solicitud de extradición del ciudadano colombiano GERMAN VILLEGAS MEJÍA, formulada por el Gobierno de los Estados Unidos de América a través de su Embajada en Bogotá para que responda por los cargos uno y cuatro consignados en la acusación No. 05 – 342 (RCL) dictada por el Gran Jurado ante la Corte Distrital de los Estados Unidos para el Distrito de Columbia, de fecha 30 de septiembre de 2004 sustituida en abril 18 de 2006, con la aclaración de que **sólo es viable con respecto a los comportamientos imputados en los cargos uno y cuatro de la acusación.***

*Ahora bien, corresponde al Gobierno Nacional, como lo acota el colaborador del Ministerio Público, condicionar la entrega a que el extraditado no vaya a ser condenado a pena de muerte, ni juzgado por hechos diversos a los que motivaron la solicitud de extradición, ni por sucesos anteriores a la fecha indicada, ni sometido a desaparición forzada, torturas, tratos o penas crueles, inhumanos o degradantes, ni a la sanción de destierro, cadena perpetua o confiscación, conforme lo establecen los artículos 11, 12 y 34 de la Carta Política.*

*Adicional a lo anterior, corresponde al Gobierno Nacional exigir al país reclamante que en caso de un fallo de condena, tenga en cuenta el tiempo que GERMAN VILLEGAS MEJIA ha permanecido privado de su libertad con ocasión de este trámite.*

*La Sala ha de indicar que en virtud de lo dispuesto por el numeral 2° del artículo 189 de la Constitución Política, le compete al Gobierno, encabezado por el señor Presidente como supremo director de la política exterior y de las relaciones internacionales, realizar el respectivo seguimiento*

RESOLUCIÓN NÚMERO   084   DE

Hoja 4 de la Resolución por la cual se decide sobre una solicitud de extradición
---

*a los condicionamientos que se impongan a la concesión de la extradición y determinar las consecuencias que se derivarían de su eventual incumplimiento...".*

7. Que de acuerdo con lo dispuesto en el artículo 501 de la Ley 906 de 2004, el concepto negativo de la Corte Suprema de Justicia obliga al Gobierno; pero si es favorable a la extradición, lo deja en libertad de obrar según las conveniencias nacionales.

En consecuencia, atendiendo lo manifestado por la Sala de Casación Penal de la H. Corte Suprema de Justicia sobre el cumplimiento de los presupuestos exigidos en la ley para la procedencia de la extradición por los cargos imputados a este ciudadano, y ante la ausencia de limitantes para la concesión de la misma, el Gobierno Nacional concederá la extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA**, identificado con la cédula de ciudadanía N° 6.495.332, para que comparezca a juicio **únicamente** por el **Cargo Uno** *(Concierto, comenzando en abril de 2005, o aproximadamente en esa fecha, para distribuir cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha sustancia sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, y el **Cargo Cuatro** *(Intento de distribuir y de causar la distribución, el 22 de enero de 2006, o aproximadamente en esa fecha, de cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha cocaína sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, referidos en la segunda acusación sustitutiva No. 05 – 342 (RCL), dictada el 18 de abril de 2006, en la Corte Distrital de los Estados Unidos para el Distrito de Columbia.

8. Que el Gobierno Colombiano podrá subordinar la concesión de la extradición a las condiciones que considere oportunas, y en todo caso, para que pueda concederse la extradición, deberá exigir al Estado requirente, que la persona solicitada no vaya a ser juzgada por un hecho anterior diverso del que motiva la solicitud de extradición, ni sometida a sanciones distintas de las que se le hubieren impuesto en la condena, según lo prescribe el inciso 1° del artículo 494 de la Ley 906 de 2004.

9. Que el inciso 2° del artículo 494 de la Ley 906 de 2004 establece que si según la legislación del Estado requirente, al delito que motiva la extradición corresponde la pena de muerte, la entrega sólo se hará bajo la condición de la conmutación de tal pena, e igualmente, a condición de que al

RESOLUCIÓN NÚMERO 084 DE

Hoja 5 de la Resolución por la cual se decide sobre una solicitud de extradición

---

extraditado no se le someta a desaparición forzada, a torturas ni a tratos o penas crueles, inhumanos o degradantes, ni a las penas de destierro, prisión perpetua o confiscación.

Teniendo en cuenta que los delitos referidos en la solicitud formal no están sancionados con la pena de muerte, el Gobierno Nacional ordenará la entrega de este ciudadano bajo el compromiso por parte del país requirente, sobre el cumplimiento de las demás condiciones señaladas en esta norma, en especial que no se le someta a la pena de prisión perpetua la cual está prohibida en la legislación colombiana.

Finalmente, como de la información allegada al expediente se puede constatar que el ciudadano **GERMÁN VILLEGAS MEJÍA**, se encuentra detenido a órdenes del Fiscal General de la Nación, por cuenta del trámite de extradición, debe señalarse que para acreditar esa situación y hacerla valer en el exterior, el interesado podrá solicitar la constancia respectiva a la Fiscalía General de Nación por ser la entidad competente para esos efectos

Por lo expuesto,

### RESUELVE:

**ARTÍCULO PRIMERO:** Conceder la extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA**, identificado con la cédula de ciudadanía N° 6.495.332, para que comparezca a juicio **únicamente** por el **Cargo Uno** *(Concierto, comenzando en abril de 2005, o aproximadamente en esa fecha, para distribuir cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha sustancia sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, y el **Cargo Cuatro** *(Intento de distribuir y de causar la distribución, el 22 de enero de 2006, o aproximadamente en esa fecha, de cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha cocaína sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, referidos en la segunda acusación sustitutiva No. 05 – 342 (RCL), dictada el 18 de abril de 2006, en la Corte Distrital de los Estados Unidos para el Distrito de Columbia.

**ARTÍCULO SEGUNDO:** Ordenar la entrega del ciudadano **GERMÁN VILLEGAS MEJÍA**, bajo el compromiso por parte del país requirente sobre el





RESOLUCIÓN NÚMERO 084 DE

Hoja 6 de la Resolución por la cual se decide sobre una solicitud de extradición

---

cumplimiento de las condiciones a que hace referencia el inciso 2º del artículo 494 de la Ley 906 de 2004.

**ARTÍCULO TERCERO:** Advertir al Estado requirente que el ciudadano extraditado no podrá ser juzgado ni condenado por un hecho anterior diverso del que motiva la presente solicitud, de conformidad con lo dispuesto por el inciso 1º del artículo 494 de la Ley 906 de 2004.

**ARTÍCULO CUARTO:** Notificar la presente decisión al interesado o a su apoderada, haciéndole saber que contra la misma procede el recurso de reposición, el cual podrá interponer dentro de los cinco (5) días siguientes a su notificación.

**ARTÍCULO QUINTO:** Enviar copia auténtica de la presente Resolución, previa su ejecutoria, a la Oficina Asesora Jurídica y a la Dirección General de Asuntos Consulares y Comunidades Colombianas en el Exterior del Ministerio de Relaciones Exteriores y al Fiscal General de la Nación, para lo de sus competencias.

**ARTÍCULO SEXTO:** La presente Resolución rige a partir de la fecha de su expedición.

PUBLÍQUESE, COMUNÍQUESE, NOTIFÍQUESE Y CÚMPLASE
Dada en Bogotá, D.C. a 18 ABR 2007

EL MINISTRO DEL INTERIOR Y DE JUSTICIA,

CARLOS HOLGUÍN SARDI

REPÚBLICA DE COLOMBIA



MINISTERIO DEL INTERIOR Y DE JUSTICIA

RESOLUCIÓN NÚMERO   225   DE

4 JUL 2007

Por la cual se decide el recurso de reposición interpuesto
contra la Resolución Ejecutiva No. 084 del 18 de abril de 2007.

**EL PRESIDENTE DE LA REPÚBLICA DE COLOMBIA**, en ejercicio de las facultades que le confiere el artículo 491 de la Ley 906 de 2004, el artículo 50 del Código Contencioso Administrativo, y

CONSIDERANDO:

1.  Que mediante Resolución Ejecutiva No. 084 del 18 de abril de 2007, el Gobierno Nacional concedió la extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA**, identificado con la cédula de ciudadanía N° 6.495.332, para que comparezca a juicio **únicamente** por el **Cargo Uno** *(Concierto, comenzando en abril de 2005, o aproximadamente en esa fecha, para distribuir cinco kilogramos o más de una mezcla y sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha sustancia sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, y el **Cargo Cuatro** *(Intento de distribuir y de causar la distribución, el 22 de enero de 2006, o aproximadamente en esa fecha, de cinco kilogramos o más de una mezcla o sustancia que contenía una cantidad perceptible de cocaína, una sustancia controlada de la Lista II, con la intención y el conocimiento de que dicha cocaína sería ilegalmente importada a los Estados Unidos, y ayuda y facilitamiento de dicho delito)*, referidos en la segunda acusación sustitutiva No. 05 – 342 (RCL), dictada el 18 de abril de 2006, en la Corte Distrital de los Estados Unidos para el Distrito de Columbia.

2.  Que de conformidad con lo dispuesto en el artículo 44 del Código Contencioso Administrativo, la anterior decisión se notificó personalmente a la abogada defensora del ciudadano requerido el 03 de mayo de 2007. Estando dentro del término legal, la apoderada del señor **GERMÁN VILLEGAS MEJÍA**, mediante escrito radicado el 8 de mayo de 2007 en el Ministerio del Interior y de Justicia, interpuso recurso de reposición contra la Resolución Ejecutiva No. 084

RESOLUCIÓN NÚMERO   225   DE

Hoja 2 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No 084 del 18 de abril de 2007".

---

del 18 de abril de 2007, con el objeto de que sea revocada y en su lugar el Gobierno Nacional se abstenga de conceder la extradición de su defendido.

3.  Que la recurrente fundamenta su recurso en los siguientes argumentos:

1.- El delito por el que las autoridades judiciales de los Estados Unidos de América solicitan en extradición al señor GERMÁN VILLEGAS MEJÍA, de haberse cometido, se llevó a cabo en territorio colombiano y no en los Estados Unidos, por lo que su extradición no procedería, toda vez que el artículo 35 de la Constitución Política pregona que la extradición de colombianos por nacimiento procede únicamente por "**delitos cometidos en el exterior**".

La supuesta tentativa de la que es acusado, de querer transportar cocaína con destino final a los Estados Unidos, ocurrió en tierra colombiana y no en los Estados Unidos, por lo que el fuero penal lo atraería y lo absorbería plenamente la jurisdicción penal colombiana, en aplicación del principio de territorialidad de la ley penal. Y, por tratarse de materia penal, se le debe aplicar la favorabilidad en la interpretación de las normas legales.

2.- La acusación que contra el señor GERMÁN VILLEGAS MEJÍA formulan las autoridades del Estado requirente se basa en una simple sospecha de un Agente de la DEA, no obstante que en la solicitud de extradición no existe "una sola prueba de la que se pueda deducir que él estaba traficando con cocaína" ni que lo vincule con la posesión de un solo gramo de cocaína.

3.- Cuestiona la recurrente que si la acusación No. 05-342 (RCL) fue dictada el 30 de septiembre de 2004, como puede contener un cargo contra su representado en el que se le acusa de tentativa de distribuir cocaína a partir del 22 de enero de 2006.

4.  Que frente a lo expuesto por el recurrente, se señala:

a.- La extradición es un mecanismo de cooperación internacional en la lucha contra la impunidad, que permite que un Estado entregue un ciudadano a otro Estado que lo reclama, con el fin de que comparezca a un juicio penal o para que cumpla una pena ya impuesta. Su trámite se adelanta con sujeción a la normatividad procesal penal y con estricta observancia de las disposiciones establecidas en el tratado aplicable al caso o en su defecto, de las disposiciones previstas en la legislación interna.

RESOLUCIÓN NÚMERO    225    DE

Hoja 3 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No 084 del 18 de abril de 2007"

---

La concesión de la extradición es facultativa del Gobierno Nacional pero requiere concepto previo y favorable de la Corte Suprema de Justicia. En el presente caso, la Sala Penal de la Corte Suprema de Justicia, en pronunciamiento que se fundamentó en la validez formal de la documentación, la demostración plena de la identidad del solicitado, el principio de la doble incriminación y la equivalencia de la providencia proferida en el exterior, emitió concepto favorable para la extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA**, al encontrar acreditados los requisitos formales que exige la ley para que sea procedente la extradición.

El Gobierno Nacional en uso de la discrecionalidad que le otorga la ley, y acogiendo el concepto emitido por la Sala Penal de la Corte Suprema de Justicia, concedió la extradición de este ciudadano toda vez que los cargos por lo cuales es requerido en extradición por el Gobierno de los Estados Unidos de América, referidos a concertarse para distribuir una mezcla y sustancia que contenía una cantidad perceptible de cocaína, con la intención y el conocimiento de que dicha sustancia sería ilegalmente importada a los Estados Unidos, y al intento de distribuir y de causar la distribución de una mezcla o sustancia que contenía una cantidad perceptible de cocaína, con la intención y el conocimiento de que dicha cocaína sería ilegalmente importada a los Estados Unidos, constituyen conductas que traspasaron las fronteras nacionales, y tuvieron, parcialmente, realización en el exterior.

La Sala de Casación Penal de la Corte Suprema de Justicia se ha pronunciado reiteradamente en el mismo sentido, así en el Concepto emitido el 28 de julio del 2004, dentro del proceso de extradición radicado 21.887, señaló:

> "En los delitos de concierto con fines de narcotráfico, la Sala tiene establecido no sólo que en ellos participan una serie de personas previamente concertadas, sino que las conductas indicativas del acuerdo se manifiestan en cada uno de los países involucrados en el comercio ilícito, el país de origen, los de tránsito y el de destino. Esto último también ocurre en el tráfico de estupefacientes.
>
> (...)
>
> [e]l tráfico de estupefaciente vincula tanto a las personas como a los países por donde hace tránsito la droga incluyendo por su puesto al de su destino. De suerte que en relación con ellos también se satisface el presupuesto de estirpe constitucional.

RESOLUCIÓN NÚMERO    225    DE

Hoja 4 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No. 084 del 18 de abril de 2007".

> Ahora, aparte de que en el territorio colombiano se hubiera efectuado el decomiso de la cocaína, de acuerdo con cualquiera de las teorías que permiten establecer el lugar de la ocurrencia de los hechos consagradas en el artículo 14 del Código Penal, la del lugar de la realización de la conducta que entiende cometido el hecho en el sitio en donde se llevó a cabo total o parcialmente la exteriorización de la voluntad, la del resultado que lo concibe ejecutado en el territorio en donde se produjo el efecto de la conducta, y la mixta o de la ubicuidad que lo da por ejecutado en donde se realizó la acción total o parcialmente, como en el sitio en donde se produjo o debió producir el resultado; lo cierto es que las conductas endilgadas al requerido parcialmente fueron ejecutadas en el exterior...".

La posición tanto de la Corte Suprema de Justicia como del Gobierno Nacional en torno a estos señalamientos ha sido constante, no solo para el caso del señor **GERMÁN VILLEGAS MEJÍA**, sino para todos aquellos casos que involucran conductas relacionadas con el tráfico ilícito de estupefacientes, no solo de Colombia hacia los Estados Unidos, también cuando el destino de los narcóticos es un Estado de Latinoamérica, Europa, Asia, etc., y es que las conductas relacionadas con el tráfico ilícito de estupefacientes traspasan las fronteras nacionales y por ende se adecuan a la exigencia constitucional de que, para conceder la extradición de colombianos por nacimiento, el delito se haya cometido en el exterior.

Así las cosas, el Gobierno Nacional considera que, para el caso del señor **GERMÁN VILLEGAS MEJÍA**, se cumplió a cabalidad lo dispuesto en el artículo 35 de la Constitución Política cuando señala que la extradición de los colombianos por nacimiento se concederá por delitos cometidos en el exterior, previstos como tales en la legislación colombiana.

Ahora bien, al ser conductas parcialmente cometidas en el exterior, la decisión de conceder la extradición del ciudadano requerido para que sea juzgado en los Estados Unidos no desconoce el principio de territorialidad de la ley penal colombiana, pues dicha circunstancia constituye una de las excepciones a dicho principio consagradas en el artículo 14 del Código Penal (Ley 599 de 2000), lo que legitima a la jurisdicción extranjera para investigar y juzgar conductas punibles cometidas, así sea, parcialmente en nuestro país.

Sobre el particular, la Sala Penal de la Corte Suprema de Justicia se ha pronunciado reiteradamente, así, en el Concepto antes citado, señaló:

RESOLUCIÓN NÚMERO        225        DE

Hoja 5 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No. 084 del 18 de abril de 2007"

---

"En lo que atañe a este requisito, previsto en el artículo 35 de la Carta, modificado por el Acto Legislativo 01 de 1.997, importa evocar que la Sala tiene establecido que su ocurrencia la verifica al instante de conceptuar, valorando para el efecto la información brindada por el país requirente en la solicitud de extradición y sus anexos, la que debe cumplir con los requerimientos hechos por el artículo 513 del Código de Procedimiento Penal, esto es, entregar: copia o transcripción auténtica de la sentencia, la resolución de acusación o su equivalente, e indicar con exactitud los actos que determinaron la solicitud de extradición y, el lugar y la fecha en que fueron ejecutados.

Si la misma demuestra la ejecución plena de la conducta en territorio colombiano rinde concepto adverso a la extradición así se reúnan los requisitos del artículo 520 del Código de Procedimiento Penal, **empero, si lo que evidencia es la presencia de alguna de las excepciones del principio de territorialidad la opinión será favorable siempre que los fundamentos legales estén acreditados, fundada en que siendo principios de derecho internacional su cumplimiento en el ordenamiento jurídico interno es obligatorio al tenor de lo preceptuado por el artículo 9° de la Carta, y en razón a que la Corte Constitucional estableció que su vigencia en el ámbito internacional se da en doble sentido, a la vez que legitima la aplicación de la ley penal colombiana a personas que hayan delinquido total o parcialmente en el exterior, admite la intervención de la jurisdicción extranjera para conductas punibles cometidas así sea parcialmente en nuestro territorio ...**". (se resalta)

De acuerdo con lo anterior, no es de recibo por parte del Gobierno Nacional el cuestionamiento efectuado por la recurrente, pues las conductas atribuidas a su poderdante no se realizaron en su totalidad en territorio colombiano, y por ende, pueden ser investigadas y juzgadas en el exterior.

Tampoco es de recibo el planteamiento expuesto por la defensora del ciudadano requerido en torno a invocar la aplicación del principio de favorabilidad en el trámite de la extradición, pues no se está ante el juzgamiento de una persona, sino ante la verificación de unos presupuestos constitucionales y legales, que como se ha visto en el presente caso se han cumplido.

b.- La extradición es un mecanismo de cooperación internacional en la lucha contra la impunidad, tendiente a impedir que una persona que ha cometido un

RESOLUCIÓN NÚMERO  225  DE

Hoja 6 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No. 084 del 18 de abril de 2007".

delito en un determinado país, eluda la acción de las autoridades judiciales de dicho país, por encontrarse o refugiarse en otro distinto, que bien puede ser su país de origen.

El trámite que se da a las solicitudes de extradición tiende a la verificación de unos requisitos y condiciones, previamente establecidos el ordenamiento procesal penal, que no conllevan en modo alguno enjuiciamiento de la persona requerida. A tal efecto la Corte Constitucional ha dicho:

> "De conformidad con lo expuesto, y por su propio contenido, el acto mismo de la extradición no decide, ni en el concepto previo, ni en su concesión posterior sobre la existencia del delito, ni sobre la autoría, ni sobre las circunstancias de tiempo, modo y lugar en que se cometió el hecho, ni sobre la culpabilidad del imputado, ni sobre las causales de agravación o diminuentes punitivas, ni sobre la dosimetría de la pena, todo lo cual indica que no se está en presencia de un acto de juzgamiento, como quiera que no se ejerce función jurisdicente.
>
> Entrar en una controversia de orden jurídico como si se tratara de un acto jurisdiccional, implicaría el desconocimiento de la soberanía del Estado requirente, como quiera que es en ese país y no en el requerido en donde se deben debatir y controvertir las pruebas que obren en el proceso correspondiente, de conformidad con las disposiciones sobre Derecho Internacional Humanitario y con las normas penales internas del Estado extranjero."[1]

Así las cosas, en el trámite de extradición el Gobierno Nacional no juzga a la persona requerida en extradición, por lo que no le cabe pronunciarse sobre la responsabilidad o no de aquella en los delitos que se le imputan, ni examinar las pruebas que en su contra tiene el Estado requirente, ni ninguna otra circunstancia, prueba o argumento dirigido a demostrar su inocencia, pues tal juzgamiento le corresponde en forma excluyente a las autoridades judiciales del país requirente. Por lo anterior, no son de recibo, en esta instancia, las afirmaciones de la abogada defensora tendientes a afirmar la inocencia de su poderdante y a descalificar las pruebas que obran en su contra.

c.- En relación con el cuestionamiento formulado por la impugnante del porque si la acusación 05 – 342 (RCL) fue dictada en la Corte Distrital de los Estados Unidos para el Distrito de Columbia el 30 de septiembre de 2004, comprende imputaciones que vinculan a su defendido con hechos ocurridos el 22 de enero

---

[1] CORTE CONSTITUCIONAL. Sentencia C-1106 de 2000. M.P. Dr. Alfredo Beltrán Sierra.

RESOLUCIÓN NÚMERO _225_ DE

Hoja 7 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No 084 del 18 de abril de 2007"

---

de 2006, cabe señalar que tanto la Nota Verbal 1880 del 2 de agosto de 2006, mediante la cual el Gobierno de los Estados Unidos solicitó la detención provisional con fines de extradición del señor GERMÁN VILLEGAS MEJÍA, como la Nota Verbal 2595 del 13 de octubre de 2006, a través de la cual se formalizó la solicitud de extradición, son claras en señalar que el citado señor "... Es el sujeto de la **segunda acusación sustitutiva No. 05-342 (RCL), dictada el 18 de abril de 2006**, en la Corte Distrital de los Estados Unidos para el Distrito de Columbia ...". (se resalta).

Sobre las acusaciones sustitutivas, y su finalidad, encontramos su explicación en algunas Notas Verbales procedentes de la Embajada de los Estados Unidos en nuestro país, como es el caso de la Nota Verbal No. 2168 del 1° de septiembre de 2006, a través de la cual se formaliza una solicitud de extradición, en la que se señala:

> "Bajo la ley penal de los Estados Unidos de América, una acusación sustitutiva reemplaza a una acusación dictada anteriormente. Es práctica común la de reformar las acusaciones con el objeto de, inter alia, adicionar cargos, adicionar co-acusados, corregir nombres y errores de mecanografía, hacer cambios gramaticales, y hacer una mayor evaluación de la ley y de las pruebas existentes".

Se observa que en el presente caso se está frente a una acusación sustitutiva, expedida el 18 de abril de 2006, fecha posterior a la que aparece en los Cargos Uno y Cuatro por los cuales es solicitado en extradición el señor GERMÁN VILLEGAS MEJÍA. Así las cosas, el Gobierno Nacional no encuentra reparo alguno al contenido de los cargos de la acusación dictada en la Corte Distrital de los Estados Unidos para el Distrito de Columbia.

Conforme a lo anterior y teniendo en cuenta que con el presente recurso no se aportaron nuevos elementos de juicio que lleven al Gobierno Nacional a variar la decisión que inicialmente tomó, es del caso confirmar en todas sus partes la Resolución Ejecutiva No. 084 del 18 de abril de 2007.

Por lo expuesto,

## RESUELVE:

**ARTÍCULO PRIMERO:** Confirmar la Resolución Ejecutiva No. 084 del 18 de abril de 2007, por medio de la cual se concedió la extradición del ciudadano colombiano **GERMÁN VILLEGAS MEJÍA**, de conformidad con lo señalado en la parte motiva de esta resolución.

RESOLUCIÓN NÚMERO  225  DE

Hoja 8 de la Resolución "Por la cual se decide el recurso de reposición interpuesto contra la Resolución Ejecutiva No 084 del 18 de abril de 2007".

--------------------------------------------------------------------------------

**ARTÍCULO SEGUNDO:** Comunicar la presente decisión al ciudadano requerido o a su apoderado, haciéndole saber que contra ésta no procede recurso alguno, quedando así agotada la vía gubernativa.

**ARTÍCULO TERCERO:** Enviar copia del presente acto administrativo a la Oficina Asesora Jurídica y a la Dirección General de Asuntos Consulares y Comunidades Colombianas en el Exterior del Ministerio de Relaciones Exteriores y al Fiscal General de la Nación, para lo de sus competencias.

**ARTÍCULO CUARTO:** La presente Resolución rige a partir de la fecha de su expedición.

PUBLÍQUESE, COMUNÍQUESE Y CÚMPLASE
Dada en Bogotá D.C., a

4 JUL 2007

EL MINISTRO DEL INTERIOR Y DE JUSTICIA,

CARLOS HOLGUÍN SARDI