# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA   :
             :
 v.           : **Crim. No. 05-342-03,**
             : **12, 15, 17, 18, 19**
             :  **(RCL)**
             :
ARCHBOLD-MANNER et. al.,   :
**(Ranfer Rios Mercado (03); Enrique Oyola-Ropero (12),**
**Jose Alvarez-Lozano (15), German Villegas-Mejia (17),**
**Gerardo Tobon-Rojas (18), Fernando Zapata Bermudez(19)**

## MOTION FOR PRELIMINARY DETERMINATION OF CONSPIRACY AND PRETRIAL RULING ON THE ADMISSIBILITY OF COCONSPIRATORS' STATEMENTS PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(E)

   The defendants, through undersigned counsel, respectfully move this Court to make a preliminary determination on the issue of the existence of a conspiracy as alleged in Count One of the indictment, and to enter a pretrial ruling on the admissibility of declarations made by alleged coconspirators.  In support thereof, the defendant states:

   1.  Rule 104 of the Federal Rule of Evidence provides that the trial court shall make preliminary determinations on the admissibility of evidence.  It is anticipated that the government will seek to introduce substantial evidence of statements by alleged coconspirators, including of the codefendants.  In order for the co-conspirator statements to be admissible as to each defendant, pursuant to Federal Rule of Evidence 801(d)(2)(E), the Court must first make a preliminary determination that a conspiracy exists and that the statements are otherwise admissible.

   2.  Prior to the admission of statements made by alleged co-conspirators, pursuant to Fed. R. Evid. 801(d)(2)(E), the Court must find that:

"(1) a conspiracy existed[1], (2) the co-conspirator and the defendant against whom the statements are offered were members of the conspiracy, and (3) the statements were made in furtherance of the conspiracy." United States v. Gantt, 617 F.2d 831 (D.C. Cir. 1980); Fed. R. Evid. 801(d)(2)(E).

The hearsay statement may be considered in finding that a conspiracy existed, but the statement may not be the sole basis for such a ruling. There must also be substantial, independent evidence of a conspiracy. United States v. Beckham, 968 F.2d 47, 50-51 (D.C. Cir. 1992); See United States v. Washington, 952 F.2d 1402, 1407 (D.C. Cir. 1991); See also Bourjaily v. United States, 483 U.S. 171, 175 (1987).

3.    The Fed. R. Evid. 801(d)(2)(E) inquiry is a preliminary question of admissibility under Fed. R. Evid. 104(a). It is within the court's discretion to choose the procedure for determining the admissibility of statements pursuant to Fed. R. Evid. 801(d)(2)(E). However, "...the better practice is for the Court to determine before the hearsay evidence is admitted that evidence independent of the hearsay testimony proves the existence of the conspiracy sufficiently to justify admission of the hearsay declarations." United States v. Jackson, 627 F.2d 1198 (D.C. Cir. 1980); United States v. James, 590 F.2d 575 (5th Cir. 1979).

4.    The defendant submits that the Rule 104(a) pretrial hearing procedure should be employed in this case. The risk of confusion here is especially great given that the coconspirator statements were all likely made in Spanish or another language other than English. Absent a pretrial hearing, there exists a high likelihood, especially in light of the language issues, and the possible misunderstanding of the meaning of certain statements, that such statements will be erroneously admitted. The defendants will be irreparably prejudiced if the jury is allowed to hear evidence which is later determined to be inadmissible. Neither would a curative instruction redress the harm.

**WHEREFORE**, the defendants respectfully request that their Motion for

---

[1] If a conspiracy is found to exist, the precise parameters of that conspiracy must be established before any further determinations are made.

Preliminary Determination of Conspiracy and Pretrial Ruling on the Admissibility of

Coconspirators' Statements be granted.

Respectfully submitted,

_____

Mitchell M. Seltzer
Bar #261933
Counsel for Mr. Zapata-Bermudez
601 Indiana Ave., NW #500
Washington, D.C. 20004
 (202) 347-2333

_____

Cynthia Katkish
 D.C. Bar #418876
 Counsel for G. Villegas-Mejia
  601 Pennsylvania Ave, NW, #900 S.
 Washington, DC 20004

_____

Howard B. Katzoff
D.C. Bar # 348292
 Counsel for G. Tobon-Rojas
 717 D Street, NW, #310
  Washington, DC 20004

_____

Diane Lepley
D.C. Bar # 368927
Counsel for R. Rios-Mercado
400 7th Street, NW, #400
Washington, DC 20004

_____

Ronald Earnest
D.C. Bar # 477305
Counsel for E. Oyola-Ropero

_____
　　　Heather Shaner
　　　D.C. Bar # 273276
　　　Counsel for H. Alvarez Lozano
　　　1702 S Strteet, NW
　　　Washington, DC 20009


<u>CERTIFICATE OF SERVICE</u>


　　　I hereby certify that a copy of the foregoing motion has been served electronically transmission upon DOJ Trial Attorney Patrick Hearn and served upon each codefendant's counsel of record, this___21st____ day of July, 2008.


_____