UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES

CRIMINAL NO. 05-342 (RCL)

V

GERMAN VILLEGAS-MEJIA

DEFENDANT GERMAN VILLEGAS-MEJIA'S OPPOSITION TO GOVERNMENT'S
MOTION TO INTRODUCE OTHER CRIMES EVIDENCE

    Mr. Villegas-Mejia, by and through counsel, moves the court to exclude the other crimes evidence set forth in the government's Motion to Admit Evidence of Other Crimes Under Rule 404(b).

    The government seeks to introduce evidence at trial that the Defendant eleven years ago in November 1997 arranged with an undercover agent in Manhattan for the pickup of drug proceeds to be wired to Mexico.[1]  The government argues that Defendant's prior money laundering conviction in 1997 is probative of a full menu of possibilities:  motive, opportunity, knowledge, intent, preparation, plan, and/or absence of mistake or accident. *Government's Motion at p. 6.*  The government makes simple generalizations and lists every conceivable reason why Mr. Villegas' prior bad act should be admitted at trial.  By seeking to introduce an unrelated bad act that occurred eleven years ago, the government seeks to establish the defendant's bad character in order to convince a jury that he must be guilty.

---

[1] Counsel is waiting for copies of the Proffer in support of Villegas' guilty plea and the Judgment in Case No. 9:97-cr-01093-JM-1 (E.D.N.Y.).

I. Indictment.

Mr. Villegas-Mejia is charged in Count I with conspiracy to manufacture and distribute cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. §§§ 959, 960, and 96 , and in Count IV with attempting to distribute cocaine intending and knowing that the cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

II. Federal Rule of Evidence 404(b).

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but that it can "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *see United States v. Pindell*, 336 F.3d 1049, 1056 (D.C. Cir. 2003). Other crimes evidence is admissible under Rule 404(b) if it is relevant, probative of a material issue other than the defendant's character, and more probative than prejudicial. See *United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000); see also *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000).

III. Federal Rule of Evidence 403.

The first inquiry a court should make before admitting the evidence under Rule 404(b) is whether the evidence is probative of a material issue other than character. *United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir.1992). Should the Court find there is a purpose in admitting evidence, the court must determine if the evidence is

inadmissible under any other rule limiting admissibility, such as Rule 403. That rule bars evidence otherwise admissible under Rule 404(b). Evidence otherwise admissible under 404(b) may contain the seeds of a "forbidden propensity inference." *U.S. v. Bowie* 232 F.3d 923, 931( D.C. Cir. 2000).

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed.R.Evid. 403.

IV. Probative value v. necessity.

Each case turns on the discretion of the trial court and its assessment of the evidentiary value of the government's Rule 404(b) evidence. *United States v. Crowder*, 141 F.3d 1202,1210 (D.C. Cir. 1998) (en banc). The Rule 403 inquiry in each case is case-specific. There is no mechanical solution, no *per se* rule. *Id.* at 1210.

The Supreme Court in *Old Chief v. United States*, 19 U.S. 173 (1997) ruled that the Court should not treat the item of evidence at issue as an island, but rather should take account the complete evidentiary context of the case. *Id.* at 182-84. Probative value under Rule 403 is calculated on a sliding scale taking into account what is needed at trial, such as whether an issue is disputed. *Id*. at 184-85.

V. Probative value.

The prior events in 1997 are not probative of the conspiracy or of the attempt distribution counts charged in this case. There is no connection between the two cases, the conduct in each is different, and the events are remote in time.

In order for the prior "bad act" to be relevant, it must generally be close in time and fundamentally similar in nature to the crime charged. *United States v. Manner, 887 F.2d 317 (D.C. Cir.1989); United States v. Lavelle*, 751 F.2d 1266 (D.C. Cir.), *cert denied*, 474 U.S. 817 (1985). The balance should generally be struck in favor of admission only "…when the evidence indicates a close relationship to the event charged." *United States v. Day*, 591 F. 2d 861, 878 (D.C. Cir. 1978). In *United States v. Haywood*, 280 F. 3d 715, 720-24 (6th Cir. 2002), a PWID conviction was reversed and remanded because the time between the prior bad acts and the charged crime was of sufficient length to require a greater similarity between the two events. The effect of the remoteness of time on the admissibility of the extrinsic evidence depends in part on the similarity between the offenses. *United States v. Miller*, 883 F.2d 1540 (11th Cir. 1988).

After a review of the discovery, it appears that the government's theory for the most part is that Mr. Villegas-Mejia allegedly planned with others to transport on January 22, 2006 an unspecified amount of drugs in a fishing boat up the Magdalena River in Colombia. Mr. Villegas's eleven-year-old conviction involved an agreement with others (who are not involved or known in this case) to wire drug proceeds from Manhattan to Mexico.[2] The events are remote in time: November 1997 and January 2006. The conspiracy in this case is limited to April 2005-April 2006; the conspiracy period in Villegas' 1997 case is Sept. 1997-Nov. 1997. The alleged co-conspirators in this case are not the co-conspirators in the 1997 case. The location of the prior crime is New York; the location here is Colombia. The facts in the 1997 case involve money transfers; the facts here involve an attempt to transport drugs in a fishing boat on a river. All of these

---

[2] Counsel is waiting for copies of the Proffer and Judgment in Case 9:97-cr-01093-JM-1 (E.D.N.Y.).

factors decrease the probative value of the prior acts and increase the possibility for undue prejudice.

In *United States v. Knight*, 185 F.Supp. 2d 65, 69 (2002), Judge Robertson ruled that evidence of prior drug dealing, one year earlier, in a drug distribution and possession of a firearm during a drug trafficking offense case would be "…at best cumulative on the question of knowledge and intent. It appears to have no real purpose except to prove that this defendant is a drug dealer--, which is forbidden under Rule 404(b) as propensity evidence. I find the probative value of the evidence to be substantially outweighed by the danger of unfair prejudice."

The government cites *United States v. Nahoom*, 791 F.2d 841 (11th Cir. 1986). Nahoom's indictment alleged his participation in money laundering as an overt act in a RICO conspiracy count that was related to conspiracy counts to import and PWID marijuana. Nahoom tesified and denied involvement in the money laundering activity. The government introduced at trial prior money laundering activities.

In this case, Mr. Villegas is not charged with money laundering nor is he charged in the indictment with an overt act alleging money laundering activities. The prior events are remote in time, different in nature, and not probative of Counts I and IV.

VI. Prejudicial.

Mr. Villegas submits that the other crimes evidence, assuming it has a purpose, is too prejudicial. Any possible probative value of the other crimes evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury. Should intent, knowledge or any other issue arise at trial, Mr.

Villegas' prior conviction would only prove those issues through an impermissible propensity inference.

Wherefore, Mr. Villegas-Mejia requests that the Court deny the Government's motion to introduce the other crimes evidence at trial.

Respectfully submitted,

_____
Cynthia Katkish 418876
601 Pa. Ave. NW
900-S pmb 221
Washington, DC 20004
Office 202-997-1386
Fax 202-639-2000